# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| **NICHOLE JENSEN**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 13 C 7098 |
| | ) | |
| **IFCO INC.**, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

Nichole Jensen ("Jensen") has utilized the form Complaint of Employment Discrimination, made available by the Clerk's Office to pro se litigants, to charge her ex-employer IFCO Inc. ("IFCO") with a claim of sexual harassment. This Court has granted Jensen's In Forma Pauperis Application, but it has not granted her Motion for Appointment of Counsel because her reference there to having communicated with a single lawyer unsuccessfully because of what she describes simply as "lack of funds" does not meet the test prescribed by our Court of Appeals to support a designation of pro bono counsel to represent an indigent plaintiff.

In any event, this Court had set the case for status hearing today (February 5, 2014) because the docket did not reflect that Jensen had obtained service on IFCO and because this Court had found other problems with Jensen's filings. When she did not appear for the status hearing, although counsel stepped up for unserved defendant IFCO, this Court's courtroom

deputy attempted to reach Jensen telephonically but was unsuccessful -- instead the call resulted in the automatic playing of Jensen's voicemail message.[1]

Because of Jensen's nonappearance, this Court has rescheduled the status hearing to February 19, 2014 at 9:15 a.m. If Jensen fails either to have arranged for her telephonic participation or alternatively to have appeared in court at that time, she is advised that this action will be dismissed for want of prosecution. In the meantime this Court has noted these added deficiencies in Jensen's submissions:

1. All that Jensen has hand-printed in response to Complaint ¶ 13's required statement of "facts supporting the plaintiff's claim of discrimination" is the totally uninformative and conclusory entry "sexual harassment." And that inadequate statement is compounded by Jensen's response to the Complaint ¶ 16 requirement of a description of the relief sought by Jensen by checking the Complaint ¶ 16(f) box and stating:

    Direct the defendant to (specify): stop the harassment.

    Just how that prayer for relief can mesh with Jensen's Complaint ¶ 5(c) statement that she "was employed but is no longer employed by the defendant" appears to make no sense at all.

---

[1] Jensen's filings reflect a Joliet address as well as her phone number. Whenever an unrepresented party resides outside of Chicago or a represented party has counsel whose office is located outside of Chicago, this Court always accommodates the party by permitting telephonic appearances for status hearings -- there is no reason that people should incur the trouble and expense of a trip to court for the typical brief status hearings that this Court customarily conducts. If Jensen wishes to participate in the February 19 status hearing telephonically, all she needs to do is to call this Court's courtroom deputy in advance of that date (312-435-5767) and furnish her telephone number -- the courtroom deputy will place the call.

2. Even though Jensen has responded to Complaint ¶ 7.1(b) by stating that a copy of her EEOC charge is attached, she has failed to do that -- indeed, she has ignored this Court's January 17, 2013 minute entry directing her to cure that deficiency. That failure has left her earlier-mentioned unelaborated "sexual harassment" characterization doubly unsatisfactory.

                                                    _____
                                                    Milton I. Shadur
                                                    Senior United States District Judge

Date: February 5, 2014